**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA, PENSACOLA DIVISION
CASE NO:**

STACIE LYNN HUNT,

    *Plaintiff*,

v.

DAVIS CHARTER SERVICE, INC.,
A Florida Corporation, and ANTHONY J. DAVIS, an individual,

    *Defendants*.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Stacie Lynn Hunt, sues Defendants, Davis Charter Service, Inc. and Anthony J. Davis, an individual for damages and alleges:

**FACTS COMMON TO ALL COUNTS**

    1.    This is a claim for damages in excess of $75,000.00.

    2.    On September 17, 2019, Plaintiff Stacie Lynn Hunt, a citizen of the State of Texas, was a fare paying passenger on the fishing boat named ANASTASIA. The ANASTASIA is a fishing vessel built in 1996 by Navigator boats. It is a U.S. Coast Guard documented vessel with official number 1041819.

    3.    On September 17, 2019, the ANASTASIA was owned by Defendant, Davis Charter Service, Inc., a Florida corporation. Defendant Davis Charter Service, Inc.'s principal place of business was in Destin, Florida, within this district.

    4.    Defendant Anthony J. Davis, is a Florida citizen residing in Destin, Florida, and was the captain and master of the charter fishing boat ANASTASIA on September 17, 2019. Defendant Anthony J. Davis was an employee of Defendant Charter Service on September 17,

2019.  Defendant Davis Charter Service, Inc., is vicariously liable for the acts and omissions of its employees (including Anthony J. Davis) under the theories of vicarious liability and respondeat superior under maritime law.

5. Jurisdiction is based on diversity under 28 U.S.C. § 1332.  There is also admiralty jurisdiction under 28 U.S.C. § 1333.  Venue is proper in this district as it is where the tort occurred.

6. Defendant, Davis Charter Service, Inc., operated a charter fishing business at all material times.  The ANASTASIA was one of the boats that was operated in its charter business.  The ANASTASIA was home ported and operated/fished out of the Harborwalk Marina, Destin, Florida, which is in this district.

7. On September 17, 2019, the fishing trip departed from Destin, Florida.  The trip was a half-day trip to fish in the Gulf of Mexico.

8. On September 17, 2019, at the completion of the trip when back at the dock in Destin, Florida, the passengers, including Plaintiff Stacie Lynn Hunt, went to disembark from the ANASTASIA.  The boat was docked with its stern side to the dock.

9. On September 17, 2019, when Plaintiff Hunt was disembarking from the ANASTASIA she fell from the boat to the dock causing her to be personally injured.

10. When Plaintiff Hunt was disembarking from the she was not helped by any crew member, nor was there any step stool or any other assistive device to help her off the boat.  Plaintiff Hunt had viewed several other people get off the boat from the gunwale to the dock before she tried to disembark and she believed that she would be able to do it safely.  However, the height of the gunwale of the boat to the dock proved to be too high and difficult for her to get down from alone without assistance and without the aid of a step stool.  When she was trying to get down from the gunwale to the dock after the voyage she fell and injured herself.

11. After she fell and was being helped to a nearby picnic table to sit down, the Defendant Anthony J. Davis came over and Hunt's sister-in-law and she asked Captain Davis why he did not help people off the boat, especially women. Defendant Anthony J. Davis replied "that they always do so, and he did not know where his guys were today".

### COUNT ONE- NEGLIGENCE OF DAVIS CHARTER SERVICE, INC.

Plaintiff Stacie Lynn Hunt repeats and realleges paragraphs 1 through 11 above and further alleges:

12. Defendant Davis Charter Service, Inc. had the duty under maritime law to use reasonable care under the circumstances for the safety of it fare paying passengers. This duty includes a non-delegable duty to provide its passengers with a safe means of boarding or disembarking from the boat. This duty to its passengers includes providing proper gangways, landing places, and personal assistance. The duty also includes properly training the boat's crew members in disembarking procedures, and properly supervising the crew to make sure proper procedures are being followed during all phases of the voyages with its passengers.

13. Defendant, Davis Charter Service, Inc., breached its duty to Plaintiff, Stacie Lynn Hunt, through the following acts of omission and commission:

    a. By failing to have its crew members assist the plaintiff and other passengers off the boat when at the dock;

    b. By failing to have or utilize a proper gangway or step stool when having passengers get off the boat;

    d. By failing to properly supervise its crew in the disembarkation process of its passengers;

3

e. By failing to properly train its crew members in proper and safe procedures for disembarking passengers from the ANASTASIA.

14. Defendant Davis Charter Service, Inc., knew, or in the should have known, of the hazards of disembarking of the boat without crew assistance, including but not limited to a step stool, and the safe and proper way to disembark passengers from the boat because the captain said after Plaintiff Hunt fell that his crew members should have helped her off the boat and given her assistance in disembarking.

15. That as a direct and proximate result of Defendant, Davis Charter Service Inc.'s negligence and breach of its duties to Plaintiff, Stacie Lynn Hunt, she sustained a severe injury to her left knee which resulted in surgery and other parts of her body (including but not limited to neurogenic bladder dysfunction) resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Stacie Lynn Hunt, prays for a judgment to be entered against the Defendant, Davis Charter Service, Inc., jointly and severally with other defendants, for compensatory damages in excess of $75,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

## COUNT II - NEGLIGENCE OF DEFENDANT ANTHONY J. DAVIS

Plaintiff repeats and re-alleges paragraphs 1 through 11 and further alleges:

16. This is a claim for damages in excess of $75,000.00.

17. Defendant, Anthony J. Davis was the captain, master and operator of the boat

4

ANASTASIA and had the duty to use reasonable care under the circumstances for the safety of the fare paying passengers. This duty includes a non-delegable duty to provide the passengers with a safe means of boarding or disembarking from the boat. This duty to the passengers includes providing proper gangways, landing places, and personal assistance. The duty also includes properly training the boat's crew members in disembarking procedures, and properly supervising the crew to make sure proper procedures are being followed during all phases of the voyage with passengers.

18. Defendant, Anthony J. Davis breached his duty owed to Plaintiff Stacie Lynn Hunt, through the following acts of omission and commission:

   a. By failing to have the crew members assist the plaintiff and other passengers off the boat when at the dock;

   b. By failing to have or utilize a proper gangway or step stool when having passengers get off the boat;

   d. By failing to properly supervise the crew in the disembarkation process of its passengers;

   e. By failing to properly train the crew members in proper and safe procedures for disembarking passengers from the ANASTASIA.

19. Defendant Anthony J. Davis knew, or in the should have known, of the hazards of disembarking of the boat without crew assistance, including but not limited to a step stool, and the safe and proper way to disembark passengers from the boat because he said after Plaintiff Hunt fell that his crew members should have helped her off the boat and given her assistance in disembarking as that is what his guys normally do.

5

20. That as a direct and proximate result of Defendant, Anthony J. Davis' breach of his duties to Plaintiff, Stacie Lynn Hunt, she sustained a severe injury to her left knee which resulted in surgery and other parts of her body (including but not limited to neurogenic bladder dysfunction), resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, Stacie Lynn Hunt, prays for a judgment to be entered against the Defendant, Anthony J. Davis, jointly and severally with other defendants, for compensatory damages in excess of $75,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: jake@munchandmunch.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Hunt*